IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARVEY CATHCART, IV, </br>    ID # 02024582, </br>        Petitioner, </br>vs. </br> </br>LORIE DAVIS, Director, </br>Texas Department of Criminal </br>Justice, Correctional Institutions Division, </br>        Respondent. | No. 3:19-CV-177-C-BH </br> </br> </br> </br> </br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Harvey Cathcart, IV (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated sexual assault of a child. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

On September 24, 2015, Petitioner pleaded guilty to aggravated sexual assault of a child in Cause No. F14-76881 in Criminal District Court No. 4 of Dallas County, Texas, and was sentenced to 5 years' imprisonment.  (*See* doc. 3 at 2-3)[1]; *see* www.dallascounty.org (search for petitioner). He did not appeal.  (*See* doc. 3 at 3); *see* www.txcourts.gov (search for petitioner).  He filed a state

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

habeas application that was signed on April 3, 2018, and received in the state district court on April 17, 2018. (*See* doc. 3 at 3-4); *see* www.dallascounty.org (search for petitioner). On August 22, 2018, it was dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1. *See Ex parte Cathcart*, WR-88,526-02 (Tex. Crim. App. Aug. 22, 2018). He filed another state habeas application that was signed on September 23, 2018, and received in the state district court on October 1, 2018. (*See* doc. 3 at 4); *see* www.dallascounty.org (search for petitioner). It was denied on December 12, 2018. *See Ex parte Cathcart*, WR-88,526-03 (Tex. Crim. App. Dec. 12, 2018).

Petitioner's federal habeas petition, signed on January 16, 2019, and received on January 23, 2019, claims that (1) counsel had a conflict of interest, (2) counsel was ineffective for failing to object to the indictment based on lack of notice, and (3) the guilty plea was involuntary due to ineffective assistance of counsel and the conflict of interest. (*See* doc. 3 at 6-7; doc. 6.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.    Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created

2

> by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] Because Petitioner did not appeal the judgment, it became final on October 24, 2015. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). That day was a Saturday, so the last day to file a notice of appeal was Monday, October 26, 2015. *See* Tex. R. App. P. 4.1. He had until October 26, 2016, to file his federal habeas petition challenging the conviction, absent any tolling of the statute of limitations.

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

Petitioner's state habeas applications were filed in 2018, which was after the limitations periods expired, so they did not toll the limitations periods. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his § 2254 petition on January 16, 2018, the date that it was mailed.[3] It is therefore untimely.

**C.    Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher*

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

*v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted.  *Coleman*, 184 F.3d at 402.

Petitioner asserts that the Supreme Court has held that a time bar or procedural default does not bar a federal court from hearing a substantial claim of ineffective assistance at trial.  (*See* doc. 9.)  He appears to refer to *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

In *Trevino*, the Supreme Court held that the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Trevino*, 133 S.Ct. at 1921 (citing *Martinez v. Ryan*, 132 S.Ct. at 1320).  *Martinez* and *Trevino* addressed exceptions to the procedural default rule; they do not apply to the statute of limitations or equitable tolling.  *See Adams v. Stephens*, No. 4:14-CV-395-O, 2015 WL 5459646 at *4 (N.D. Tex. Sept. 17, 2015); *Reynolds v. Stephens*, No. 3:13-CV-2728-P, 2014 WL 2575752 at *3 (N.D. Tex. June 9, 2014).  Neither case provides a basis for tolling the statute of limitations, so the petition is time-barred.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 8th day of March, 2019.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE